IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIANNA L. CASTEEL, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:14-00612 |
| ) | JUDGE CAMPBELL |
| SUNCREST HEALTH CARE, INC., ) | |
|     Defendant. ) | |

MEMORANDUM

Plaintiff's Complaint alleges discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. § 623, and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 30). For the reasons stated herein, Defendant's Motion is GRANTED, and the action is DISMISSED.

INTRODUCTION

Plaintiff worked for Defendant from December 2010 until January 10, 2013, most recently as a patient care coordinator in Winchester, Tennessee. At some point in 2012, Defendant decided to engage in a reduction in force ("RIF") of its employees. On or before December 20, 2012, Roxanna Pender, a regional manager for Defendant, selected Plaintiff to be included in the planned RIF. The parties agree that Pender originally intended to offer Plaintiff two weeks' severance pay, approximately $1,800, and that Pender intended to notify Plaintiff of her inclusion in the RIF on January 10, 2013.

Plaintiff alleges that, about a week before the dismissal, on January 2, 2013, she received a written warning about disrupting the office and unnecessary rudeness. She had received a previous

warning on a different issue the prior December14. According to Plaintiff's Complaint, she spoke to Pender upon receiving January 2 warning and, in the course of those communications, informed Pender that Plaintiff believed that a vice president of the company, Chris Jones, had been sending inappropriate texts to another Winchester office employee, Chancy Wilson (Docket No. 1 ¶ 22). When Plaintiff was indeed terminated on January 10, 2013, she was not granted severance as originally planned. Plaintiff was fifty-eight years old at the time.

Plaintiff contends that Defendant's actions surrounding Plaintiff's termination and denial of severance reflect both discrimination based on her age and retaliation for Plaintiff's complaint about the inappropriate text messages. Defendant responds that Plaintiff's inclusion in the RIF had already been decided before she made the complaints about the allegedly inappropriate messages, and that Defendant denied Plaintiff severance because Plaintiff had told other employees details related to the RIF that Defendant considered confidential. Defendant argues that Plaintiff cannot establish a prima facie case of age discrimination, cannot establish that Defendant's proffered reasons for its actions were pretextual, and cannot establish that any adverse action was taken against Plaintiff as a result of her engagement in a protected activity.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## GENDER DISCRIMINATION

Plaintiff concedes that her gender discrimination claim was included in the Complaint in error. Defendant's motion for summary judgment is therefore granted with regard to this claim.

## AGE DISCRIMINATION

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff may establish a prima facie claim of employment discrimination under the ADEA based upon direct or indirect, circumstantial evidence. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions."

*Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (citation and internal quotation marks omitted). "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Id.* "Regardless of the type of evidence presented, the burden of persuasion remains on ADEA plaintiffs to demonstrate 'that age was the 'but-for' cause of their employer's adverse action.'" *Provenzano*, 663 F.3d at 811 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 n.4 (2009)).

Where only indirect evidence of discrimination is available, the claims are analyzed using the three-step framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and modified by *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998); *Barnhart v. Pickrel, Schaeffer & Ebling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). First, the employee must carry the initial burden of establishing a prima facie case of age discrimination. If the employee meets this burden by presenting facts that, if true, would prove each of the elements of the prima facie case, the second step requires the employer to respond by articulating some legitimate, nondiscriminatory reason for the adverse employment action at issue. *McDonnell Douglas*, 411 U.S. at 802. Third, assuming the employer meets its burden, then the burden of production shifts back to the employee to rebut this proffered reason by showing that it was pretext designed to mask discrimination. *Id.* at 804.

Plaintiff concedes that she presents no direct evidence of age discrimination and therefore her claims are appropriately considered under the *McDonnell Douglas* framework. In the first stage of the *McDonnell Douglas* analysis, Plaintiff must establish a prima facie case of discrimination by showing: "(1) membership in a protected group; (2) qualification for the job in question; (3) an

adverse employment action; and (4) circumstances that support an inference of discrimination." *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). When an employee is alleging that her inclusion in a reduction in force was discriminatory, she must satisfy the fourth prong by presenting "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled [her] out . . . for discharge for impermissible reasons." *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 536-37 (6th Cir. 2014) (quoting *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990)).

Insofar as Plaintiff challenges her inclusion in the RIF as discriminatory,[1] she has not adduced evidence sufficient to create a jury question with regard to whether she has satisfied the fourth prong of *McDonnell Douglas*. Plaintiff suggests that she was selected for inclusion in the RIF instead of a younger employee, Cathy Blackburn, but has provided no evidentiary support other than the fact that Blackburn was expected to assume some of Plaintiff's duties after Plaintiff's termination. Plaintiff also relies on her comparison to office manager Beth Morris, who, Plaintiff argues, was similarly situated to Plaintiff but was not included in the RIF. Merely showing that a younger person in a different position was retained while Plaintiff was made subject to an RIF is not sufficient to create an inference of discrimination. *See Barnes*, 896 F.2d at 1465 (observing that such a rule "would allow every person age 40-and-over to establish a prima facie case of age discrimination if he or she was discharged as part of a work force reduction"). Plaintiff's only other

---

[1] Defendant suggests, based on citation to the discovery deposition of the Plaintiff, that Plaintiff is challenging only the denial of severance as discriminatory (Docket No. 31 at 1), and that any contention by Plaintiff to the contrary is an attempt to improperly raise new claims to avoid summary judgment (Docket No. 40 at 1). Nothing in Plaintiff's Complaint, however, limits her discrimination claim to the denial of severance and not her termination (Docket No. 1 ¶¶ 25-26), and a statement at deposition would not, in and of itself, change which claims are pending before the court.

5

evidence from which an inference of discrimination could be drawn consists of her own deposition testimony of rumors that Defendant was "getting rid of older employees." Such hearsay, however, is insufficient to defeat a motion for summary judgment. Fed. R. Civ. P. 56(c)(2).

Because the parties agree that the denial of severance to Plaintiff was distinct from her inclusion in the RIF, Plaintiff does not need to satisfy the demands of this Circuit's RIF cases to make her prima facie case regarding the severance. Even if one assumes that Plaintiff can make that prima facie case, however, she has failed to adduce evidence sufficient to create a jury question with regard to whether the Defendant's proffered reason for the denial of severance was pretextual. Plaintiff concedes that it was Pender who adjusted Plaintiff's termination code to make Plaintiff ineligible for severance, that Pender believed that information concerning the RIF was confidential, and that Pender was "frustrated and upset because she believed [Plaintiff] had robbed her of the opportunity to deliver this news in an appropriate and accurate manner" (Docket No. 39 ¶¶ 6, 9, 11). Plaintiff takes issue with the denial of severance on the grounds that Plaintiff did not know that the details she divulged were part of the larger RIF, that she was unaware that those details were considered confidential, and that she was not the only employee involved in the dissemination of the information. While these protestations may raise questions, in hindsight, about the fairness or wisdom of the denial of severance, they do not undermine the contemporaneous legitimacy of Defendant's proffered reason. So long as an employer has an honest belief in its proffered nondiscriminatory reason, an employee cannot establish that the reason was pretextual simply because it is ultimately shown to be flawed or incorrect. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 728 (6th Cir. 2008). Nor can Plaintiff establish pretext simply by raising questions about Defendant's business judgment. *Hein v. All America Plywood Co., Inc.*, 232 F.3d 482, 490 (6th Cir.

6

2000); *Brocklehurst v. PPG Indus., Inc.*, 123 F.3d 890, 898 (6th Cir. 1997). While an employee may show pretext by demonstrating that the employer's business decision "was so lacking in merit as to call into question its genuineness," *Hartsel v. Keys*, 87 F.3d 795, 800 (6th Cir. 1996) (quoting *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1116 (2d Cir. 1988)), such is not the case here, particularly in light of Plaintiff's concession that Pender's frustration with Plaintiff's disclosures was genuine. Defendant's motion for summary judgment on Plaintiff's age discrimination claims must therefore be granted.

RETALIATION

To make a prima facie case of retaliation under Title VII, Plaintiff must show that (1) she engaged in protected activity; (2) the exercise of protected rights was known to the Defendant; (3) Defendant took an adverse employment action against Plaintiff, and (4) there was a causal connection between the protected activity and the adverse action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). To establish a causal connection, Plaintiff must produce sufficient evidence from which one could draw an inference that Defendant would not have taken the adverse employment action had she not engaged in activity protected under Title VII. *Taylor*, 703 F.3d at 339. Once a prima facie showing is made, the Defendant must articulate a legitimate non-retaliatory reason for its action, after which the burden shifts back to the Plaintiff to show that the proffered reason was not its true reason but merely a pretext for retaliation. *Harris v. Metro. Gov't of Nashville & Davidson Cnty.*, 594 F.3d 476, 485 (6th Cir. 2010).

Plaintiff argues that her reporting of the inappropriate text messages to Pender constituted a protected activity, and that her termination and denial of severance were made in retaliation for her report. Plaintiff's Complaint, however, does not aver that Plaintiff informed Pender of the

alleged inappropriate messages until January 2, 2013 (Docket No. 1 ¶ 22), and Plaintiff concedes that the decision to include her in the RIF was made on or before December 20, 2012 (Docket No. 39 ¶ 3). Plaintiff's own deposition testimony is at first internally contradictory with regard to the timing of the relevant conversation with Pender, but Plaintiff ultimately echoes her Complaint and places that conversation as occurring in response to the January 2, 2013 warning (Deposition of Plaintiff at 85-88 & exhs. 12-14). Plaintiff's initial confusion with regard to the chronology of events on which she relies—without more to suggest that her allegedly protected action did or even could have caused Defendant's decision—is insufficient to create a question of fact as to whether her report of the text messages was the cause of her inclusion in the RIF.

The timing of Plaintiff's decision to raise concerns about the alleged texts does not, in contrast, preclude the possibility that those concerns played a role in the decision to deny her the planned severance. Plaintiff's failure to rebut Defendant's proffered nondiscriminatory reason for its decision, however, is fatal to her retaliation claim just as it is fatal to her discrimination claim. Defendant's motion for summary judgment on Plaintiff's retaliation claims must therefore likewise be granted.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 30) is GRANTED. Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE